IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KOETHE BOURGEOIS, Individually, | § | C.A. NO. |
| as Personal Representative of the | § | |
| Estate of Rory J. Bourgeois, Deceased, | § | |
| and on behalf of all statutory plaintiffs; | § | |
| and KOLTON BOURGEOIS | § | |
| | § | |
| VS. | § | |
| | § | |
| WESTWIND HELICOPTERS, INC. | § | JURY TRIAL DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW Plaintiffs Koethe Bourgeois, Individually, as Personal Representative of the Estate of Rory J. Bourgeois, Deceased, and on behalf of all statutory plaintiffs, and Kolton Bourgeois (collectively "Plaintiffs"), and, for their complaint against Defendant, Westwind Helicopters, Inc., would respectfully show:

## I.
## PARTIES

1.1    Plaintiff Koethe Bourgeois, Individually, as Personal Representative of the Estate of Rory J. Bourgeois, Deceased, and on behalf of all statutory plaintiffs, is a citizen and resident of the state of Louisiana.

1.2     Plaintiff Kolton Bourgeois, is a citizen and resident of the state of Louisiana.

1.3     Defendant Westwind Helicopters, Inc., is a domestic corporation with its principal place of business in Santa Fe, Galveston County, Texas, and may be served with process through its registered agent, Galloway, Johnson. Tompkins, Burr & Smith, 1301 McKinney, Suite 1400, Houston, Texas 77010.

## II.
## JURISDICTION AND VENUE

2.1     The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2.2     Since Defendant is a resident of this District, venue is proper pursuant to 28 U.S.C. § 1391.

## III.
## FACTS

3.1     This lawsuit results from a helicopter crash that occurred on June 11, 2014.  While transporting Rory J. Bourgeois ("Decedent") between Eugene Island 331 and 317A platforms, the helicopter crashed and sank in the Gulf of Mexico, thereby causing the death of Rory J. Bourgeois. The body of Decedent was retrieved from the water, still strapped in his seat in the helicopter on June 12, 2014.

## IV.
## NEGLIGENCE

4.1   Plaintiffs bring this wrongful death cause of action by the authority granted pursuant to the Death on the High Seas Act ("DOHSA"), 46 U.S.C. § 30302, and La. Civil Code Art. 2315.2(A)(1).  In addition, Plaintiff Koethe Bourgeois is qualified to bring a survival action in her capacity as Administratrix of the Estate of Decedent.

4.2   The June 11, 2014, crash described herein was a direct and proximate result of the tortious acts and omissions of Defendant and its agents, servants, and employees in preparation for, and during, the ill-fated flight.  Further, Defendant was the employer of the pilot of the subject helicopter.

4.3   Defendant is vicariously liable for any negligent acts and omissions of its employees acting in the course and scope of their employment.

4.4   The crash and the injuries and subsequent death of Decedent were the direct and proximate result of the negligent acts and omissions and conduct of Defendant and its agents, servants, and employees, which include, but are not limited to:

    a.   Failing to properly maintain and service its helicopter;

    b.   Failing to perform adequate pre-flight inspection of the helicopter to ensure it was mechanically sound for the flight in question;

  c.  Failing to operate the helicopter as a reasonable and prudent pilot would have under the same or similar circumstances;

  d.  Failing to ensure that the pilot flying the helicopter was competent to fly on the flight in question; and/or

  e.  Such other and further acts of negligence as may be proven at trial herein.

## V.
## DAMAGES

5.1 As a direct and proximate result of the June 11, 2014, crash described herein, Plaintiffs have suffered damages, including, but not limited to:

  (a)  Mental anguish in the past;

  (b)  Mental anguish that in all reasonable probability will be sustained in the future;

  (c)  Loss of consortium in the past;

  (d)  Loss of consortium that in all reasonable probability will be sustained in the future;

  (e)  Funeral and burial expenses;

  (f)  Conscious pain and suffering of Decedent prior to his death;

  (g)  Decedent's mental anguish and fear of his impending death;

  (h)  Lost wages in the past; and

  (i)  Loss of the earnings Decedent likely would have earned during the balance of his life, but for his death.

# VI.
# JURY DEMAND

6.1     Plaintiffs demand a trial by jury herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear and answer herein, and, after due proceedings are had, they be awarded judgment against Defendant for actual damages in an amount exceeding the jurisdictional limits of this Court; prejudgment and post-judgment interest; costs of suit; and all other relief to which they may be entitled by law.

Respectfully submitted,

*/s/ Francis I. Spagnoletti*
Francis I. Spagnoletti
SBN 18869600 / Federal ID 5369
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:  713-653-5600
Facsimile:   713-653-5656
Email:         fspagnoletti@spaglaw.com

**OF COUNSEL**:

SPAGNOLETTI & CO.

ATTORNEYS FOR PLAINTIFFS